William Stuart v. Commissioner.
Stuart v. Commissioner
Docket No. 28764.
United States Tax Court
1951 Tax Ct. Memo LEXIS 81; 10 T.C.M. (CCH) 924; T.C.M. (RIA) 51279; September 28, 1951
*81 Jas. Maxwell Fassett, Esq., 55 Liberty St., New York, N. Y., for the petitioner. Joseph F. Rogers, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding arises out of respondent's determination of a deficiency in income tax of $571 for 1946, of which about $282 is in controversy, together with a 5 per cent penalty for negligence of $28.55. Respondent's determination was based upon computations of petitioner's "net worth" and an estimate of his expenditures. Certain adjustments are not contested, additional tax having been paid. The primary issue concerns the amounts disbursed by petitioner for living expenses during the taxable year. Findings of Fact Petitioner filed his tax return with the collector for the third district of New York. Petitioner was born in Ireland and came to this country about 20 years ago. During 1946, and for the past 15 years, petitioner has conducted a small grocery store as an individual proprietor under the name "Banner Groceries" at 1339 Third Avenue in New York City. He has maintained books of account for his business but he has not kept records of his personal expenses. During 1946, *82 and for the past 10 years, he has resided at 214 East 85th Street in New York City. He is 54 years of age. He has never married and he has no family. During the year in controversy petitioner operated his store without any employees, keeping the store open for business from 8:00 A.M. to 7:00 P.M. for six days each week. Usually every morning he bought a cup of coffee before opening the store. After closing time, he spent several hours in the store on week-day evenings and on Sunday mornings, cleaning up, putting away goods and placing the shop in order for the next day's business. He ate all his meals in the store. Much of the food which he consumed consisted of unsaleable items such as cracked eggs, left-over cold cuts of meat, and ends of roast pork or butts of ham, and canned goods from dented cans. Petitioner cooked food on a gas stove in the store, the entire gas bill being treated as an expense of the business. Petitioner's residence consisted of a bedroom which he subleased from Christopher Kelleher, who was the tenant of a three-room apartment. Petitioner paid an annual rental of $204. The house is located within a short distance of the store, and he walked to and from *83 his business. Petitioner wore only working clothes in the store. He purchased a new suit of clothes about every two or three years, paying approximately $40. He bought shoes for about $6 a pair, each pair lasting approximately two years. His weekly laundry bill varied between 50 cents and $1.00. Petitioner's personal life is simple and frugal. He does not smoke, drink, gamble, or go to the movies. He does not patronize nightclubs, saloons, or theatres. His principal recreation is reading a newspaper late in the evening, buying or borrowing one newspaper each day. He attended at least two newsreel theatres during 1946. He does not buy any books or magazines. He has never owned an automobile or television set, and a small radio which he owned was received as a gift. He does no entertaining at home. Petitioner took a vacation in 1946 at Pleasant View Farm, Freehold, New York, spending $6 for railroad fare, and $26 for board and room. While on vacation petitioner closed his store. During the year in controversy petitioner made additional disbursements for toilet articles such as soap, razor blades, and tooth powder. He had his hair cut about every three or four weeks at a cost *84 of approximately 60 cents each time. He incurred no medical or dental bills. His annual contributions to charity were in the neighborhood of $10. He made no investments during 1946. He paid a New York State income tax in that year. Petitioner's disbursements for living expenses during 1946 totaled not more than $660. Opinion If ever a proceeding before this body deserved the characterization "de minimis," this one does. Respondent's position on brief is that in addition to petitioner's estimate of $660 for living expenses * * * The established facts show that he spent at least $67.10 for other items which he did not take into account. [1]
*85 * * *
Although it is possible that petitioner's living expenses did not equal the amount of $2,160.00 computed by the Commissioner, nevertheless, it is equally certain that they exceeded the $660.00 estimated. While the evidence indicates that the petitioner lived frugally, such a fact standing alone does not show just what amount was expended. * * * Since we are required to count the dimes and quarters constituting petitioner's budget, it may be pointed out that over $23 has been added by respondent for newspapers in the face of the testimony on petitioner's behalf that he generally was able to borrow rather than to buy the single newspaper he customarily read. We are satisfied further that the expense for rent and vacation was overstated. The issue revolves solely about personal living expenses as to which it would be in the highest degree unusual for anyone to keep accurate record. We are convinced not only that under the circumstances petitioner's testimony should be accepted, cf. , but that the time and labor expended on behalf of the Government in litigating the proceeding could well have been *86 directed into other channels. The penalty will fall with the deficiency. Decision will be entered for the petitioner. Footnotes
1. This is amplified as follows: "A further reason for questioning the petitioner's estimate is that under cross-examination it appears that there were additional items of living expenses which had not been included by petitioner in his estimate of $660.00. The following is a list of these items: ↩
Theatre - newsreels
$ 1.50
Newspaper - 5" per day (daily)
15.65
15" Sundays (52 weeks)
7.80
Contributions
10.00
New York State income tax
10.00
Gas
12.00
Haircuts
7.20
Razor blades, soap
3.00
Total
$67.15